THADDEUS RICHARDSON, Executor, *vs.* JABEZ C. CROOKER.

The price of wood standing on the land of the vendor cannot be recovered under a count on an account annexed under *St.* 1852, *c.* 312, § 2.

An executor who is authorized by the will of his testator to sell his real estate or any part thereof for the payment of debts, or with the direction of the residuary devisee, cannot maintain an action for the price of standing wood sold by him, without proving a license to sell for payment of debts, or a direction of the residuary devisee.

ACTION OF CONTRACT on an account annexed for the price of wood sold standing on the land of the plaintiff's testator. At the trial in the court of common pleas, there was evidence of the sale of the wood by auction, not to be cut off until the price was paid.

The defendant, among other objections to the plaintiff's case, contended, 1st. That the plaintiff could not recover the price of the wood under a count on an account annexed; 2d. That the will of the testator, which was the only evidence introduced to prove the plaintiff's authority to sell the wood, did not prove it.

By the will, the testator, after directing his executor to pay out of his estate his debts and charges and the expenses of settling the estate, provided thus : " But should my personal estate prove insufficient for that purpose, or should my devisee or legatee below named so direct, I hereby authorize and empower my said executor, for the purpose of the payment of my debts and expenses of settling my estate, or any part thereof, to sell, either at public or private sale, any or all of my real. estate which my said devisee may wish to have sold, and to give good and sufficient deed or deeds thereof, and out of the proceeds thereof to pay the whole or any part of my debts and administration expenses, and the overplus, if any, to pay to my said devisee below named," to wit, his widow, whom he made residuary devisee and legatee.

*Sanger*, J. overruled these objections, the jury returned a verdict for the plaintiff, and the defendant alleged exceptions

*C. P. Judd*, for the defendant.

*A. V. Lynde*, for the plaintiff.

Metcalf, J.   This verdict is to be set aside, and a new trial granted.   The plaintiff has declared only on an account annexed to the writ.   And it has been decided in *Stearns* v. *Washburn*, *ante*, 187, that the price of growing grass, which the purchaser was to cut and remove, but which he omitted to do, could not be recovered on such a count.   This case cannot be distinguished from that, and must follow it.

Besides; the plaintiff did not show, at the trial, any authority to sell the standing wood; and therefore it did not appear that he could, by a sale of it, give to the purchaser any lawful title thereto against the testator's widow and devisee.   The testator devised all his real estate, after payment of his debts and charges of administration, to his widow, and authorized his executor (the plaintiff) to sell real estate, for the purpose of paying those debts and charges, only upon the condition that the widow should so direct.   No such direction by her has been shown; nor has it been shown that any license to sell real estate has been granted to the plaintiff by the court of probate, or even that such sale was necessary.                    *Exceptions sustained.*